IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT TORRES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAI, | : | |
| Acting Commissioner of | : | |
| Social Security | : | NO. 22-2283 |

**O P I N I O N**

SCOTT W. REID                                                                DATE: November 21, 2022
UNITED STATES MAGISTRATE JUDGE

Robert Torres brought this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI"). He has filed a Request for Review to which the Commissioner has responded. As explained below, I conclude that the Request for Review should be denied, and judgment entered in favor of the Commissioner.

I.      *Factual and Procedural Background*

Torres was born on September 1, 1969. Record at 229. He left high school in the tenth grade and did not obtain a GED. Record at 47, 257. Torres worked in the past in construction, and as a warehouse worker. Record at 282. He also had experience in janitorial work. Record at 48-9. On June 28, 2018, Torres filed an application for SSI asserting disability as of November 1, 2013, on the basis of scoliosis, back pain, a left leg injury, asthma, and depression. Record at 229, 256.

Torres's application for SSI was denied on October 12, 2018. Record at 91. According to the Commissioner, his case was randomly selected by the Agency for participation in a test program, and the reconsideration level of review was accordingly eliminated. *Commissioner's*

*Response* at 2, n.2.  On November 26, 2018, Torres requested a hearing *de novo* before an Administrative Law Judge ("ALJ").  Record at 100.  Torres's counsel submitted a letter dated December 20, 2019, in which he indicated that his client was withdrawing his SSI claim.  Record at 166.  However, Torres did not realize this, and appeared for the previously scheduled hearing on December 23, 2019.  Record at 33, 35.  The ALJ held a brief hearing, at which he postponed proceedings.  Record at 35-6.

A second hearing was held before a different ALJ on May 5, 2021.  Record at 38.  Torres appeared, this time accompanied by counsel.  *Id*.  On May 18, 2021, however, the ALJ issued a written decision denying benefits.  Record at 13.  The Appeals Council denied Torres's request for review on April 12, 2-22, permitting the ALJ's decision to serve as the final decision of the Commissioner.  Record at 1.  Torres then filed this action.

II.     *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence.  42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985).  Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401.  A reviewing court must also ensure that the ALJ applied the proper legal standards.  *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984); *Palmisano v. Saul*, Civ. A. No. 20-1628605, 2021 WL 162805 at *3 (E.D. Pa. Apr. 27, 2021).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period."  42 U.S.C. §423(d)(1).  As explained in the

following agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §404.1520(4) (references to other regulations omitted).

Before going from the third to the fourth step, the Commissioner will assess a claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence in the case record. *Id*. The RFC assessment reflects the most an individual can still do, despite any limitations. SSR 96-8p.

The final two steps of the sequential evaluation then follow:

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make the adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

*Id*.

III.   *The ALJ's Decision and the Claimant's Request for Review*

In her decision, the ALJ determined that Torres suffered from the severe impairments of degenerative disc disease of the lumbar spine, status post-left knee meniscectomy, left knee impairment, asthma, aortic stenosis, hypertension, and obesity. Record at 18. She found that

Torres also suffered from depression and substance abuse in remission, but that these did not constitute severe impairments. Record at 18-20.

The ALJ concluded that none of Torres's impairments, and no combination of impairments, met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. Record at 20. Particularly relevant here is the ALJ's decision that Torres's lumbar spine impairment did not meet Listing 1.15. Record at 20-21.

The ALJ found that Torres retained the RFC to engage in light work, except that he could only occasionally climb ramps and stairs, and never climb ladders, ropes or scaffolds; he could balance only frequently, as opposed to constantly; he could occasionally stoop, kneel, crouch, and crawl, but could never work at unprotected heights or with moving mechanical parts; and he could be exposed only occasionally to dusts, odors, fumes, or other pulmonary irritants; and could never be exposed to extremes of temperature. Record at 21.

In reliance upon the testimony of a vocational expert who appeared at the hearing, the ALJ found that Torres could not perform his past relevant work, but could work as a cafeteria attendant, storage facility rental clerk, marker or tagger, or as a ticket taker. Record at 26. She decided on that basis that Torres was not disabled. Record at 27.

In his Request for Review, Torres raises a single issue. He argues that the ALJ erred at stage three of the sequential evaluation process in evaluating his lumbar pain under Listing 1.15, which became effective on April 2, 2021, after Torres filed his application for benefits, but before his second hearing before an ALJ. He maintains that Listing 1.15 should not have been applied retroactively, and that he is entitled to remand so that his lumbar condition can be evaluated under the Listing in effect at the time he filed his application for benefits, the former Listing 1.04.

IV.     *Discussion*

A.      *Retroactivity*

As above, an ALJ must decide at step three of the sequential evaluation whether a claimant's impairment meets or equals one of the "listings." 20 C.F.R. §404.1520(a)(4)(iii). The listings are a regulatory device used to streamline the decision-making process by identifying those claimants whose impairments are so severe that they are presumed disabled. 20 C.F.R. §416.925(a). Thus, if an applicant for benefits has an impairment which meets a listing, that applicant is entitled to a finding of disability, with no further showing required at the subsequent steps of sequential evaluation process. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

When the Social Security Administration revised the listings for musculoskeletal disorders, it provided that the rules would become effective on April 2, 2021. 85 Fed. Reg. 78164-01, 2020 WL 7056412 (Dec. 3, 2020). The Agency explained: "When the final rules become effective, we will apply them to new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date." *Id*. Under its own policies, therefore, the ALJ used the correct listing.

Torres argues, however, that the Agency lacked the authority to issue a retroactive ruling, citing *Bowen v. Georgetown Univ. Hospital*, 488 U.S. 204, 208 (1988), where the United States Supreme Court ruled that an agency must have an express congressional grant of authority to issue rules with retroactive effect. Specifically regarding the Social Security Administration, Torres cites *Cox v. Kijakazi*, Civ. A. No. 18-2389, 2022 WL 178953 (D.D.C. Jan. 19, 2022). There, a judge in the United States District Court for the District of Columbia found that an ALJ erred in applying a new listing for a mental health disorder, rather than the one effective at the time the plaintiff filed her application for benefits. *Id*. at **5-9.

However, a number of courts have ruled that retroactivity concerns are not implicated when a Social Security claimant is evaluated under a rule which became effective during the pendency of the claimant's case, because such regulations do not have the kind of retroactive effect that *Bowen* restricts. *McCavitt v. Kijakazi*, 6 F.4th 692, 694 (7th Cir. 2021); *Combs v. Commissioner of Social Security*, 459 F.3d 640 (6th Cir. 2006); *Adkins v. Commissioner of Social Security*, Civ. A. No. 18-1958, 2020 WL 1332003 at *3 n .4 (M.D. Fla. Mar. 23, 2020). Even in the United States District Court for the District of Columbia, a different judge explicitly disagreed with *Cox*. *Kyler v. Kijakazi*, Civ. A. No. 10-3334, 2022 WL 11665859 at **4-8 (D.D.C. Apr. 20, 2022), *citing Combs* and *McCavitt*.

In *Combs*, the Court of Appeals for the Sixth Circuit held that a claimant was not entitled to be evaluated under a listing for obesity which was eliminated during the pendency of her claim. It cited *Landgraf v. USI Film Products*, 511 U.S 244 (1994), where the United States Supreme Court held that "the application of law existing at the time of decision does not violate the presumption against retroactivity unless the statute in question has retroactive effects." 459 F.3d 646, *citing Landgraf* at 511 U.S. 296-70. To have retroactive effects, the new law must attach "new legal consequences to events completed before its enactment." *Id*., *citing Landgraf* at 511 U.S. 270. "Familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance." *Id*., *citing Landgraf* at 270. The *Combs* court reasoned:

> It can hardly be argued that claimants become obese or otherwise become impaired in reliance on the availability of the presumption in the listing. Nor is there any indication that they file their claims, or decide what to put in their claims, based on how the agency determines whether they meet the statutory requirements for disability eligibility. Similarly, claimants have no settled expectation that the agency will use one as opposed to another algorithm for determining whether the statutory requirements are met. Finally, there is no basis for claimants to argue that they need "fair notice" of a change in the step three presumptions.

*Id*.

The *Combs* argument is well-reasoned and relevant to this case. Torres's lumbar spine did not, after all, deteriorate in reliance on the former Listing 1.04. However, the Court of Appeals for the Third Circuit has not yet ruled on whether a new Social Security regulation is retroactive under *Bowen*. Further, in a non-precedential decision decided some years ago, it affirmed a decision of the District of New Jersey that a claimant whose application was pending at the time the obesity listing was rescinded was entitled to consideration under that listing. *Christie v. Commissioner of Soc. Sec.*, 267 F. App'x 146 (3d Cir. 2008), *and see Christie v. Commissioner of Soc. Sec.*, 489 Fed. Appx. 581 (3d Cir. 2012).

Therefore, it is not easy to predict how the Court of Appeals for the Third Circuit would rule on this issue now. In any event, the issue need not be decided here. As discussed below, Torres has not shown that he would be entitled to remand of this case even if the ALJ erred in applying the new listing.

B.  *Application of Former Listing 1.04*

Torres has not included in his Request for Review any challenge to the ALJ's treatment of the medical evidence, or assessment of his RFC, or otherwise pointed to any flaw in the ALJ's conclusion that he did not meet Listing 1.15. Nor has Torres made any argument as to how the application of Listing 1.04 instead of Listing 1.15 would have benefitted him or changed the ALJ's conclusion that he was not disabled. He has not cited medical evidence or otherwise argued that he would have been found to meet Listing 1.04. Thus, even if Torres could show that the ALJ erred in failing to apply Listing 1.04, he has not shown that he is entitled to relief. Remand is not required where it would not affect the outcome of a case. *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005).

Further, the evidence suggests that Torres would not have been found to meet Listing 1.04. To meet Listing 1.04, Torres would have had to show one of the following: (A) nerve root compression with certain specified features; (B) arachnoiditis with specified manifestations; or (C) spinal stenosis resulting in an inability to ambulate effectively. Although Torres has not said here which section of Listing 1.04 he believes he would have met, the Commissioner has interpreted him as arguing that he would have met subsection A, apparently based on his argument to the Appeals Council that the ALJ erred in finding he had no nerve root compression. *See Record* at 309.

> Subsection A of Listing 1.4 required:
>
> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

*See*, *e.g.*, *Frisby v. Barnhart*, Civ. A. No. 05-2177, 2005 WL 3263051 at *3 n.1, (E.D. Pa. Nov. 30, 2015).

In his submission to the Appeals Counsel, Torres cited a medical record in which "impingement" was noted, which Torres argued amounted to nerve root compression. Record at 309, 1038. However, that record was created in 2016. Record at 1038. It appears that the impingement was relieved by Torres's 2016 back surgery. *Id*. Treatment notes shortly after surgery report a normal, symmetric, and non-antalgic gait. Record at 1039. Further, a 2018 MRI did not find nerve root compression. Record at 974, *and see* Record at 1140 (Lance Yarus, D.O. interpreting 2018 MRI to show "no root compression"). Also, during a consultative examination on September 12, 2018, Abaid Choudry, MD, found that Torres had negative straight-leg raising tests, both sitting and supine. Record at 949. As above, positive straight-leg raising tests were necessary to meet Listing 1.04A.

Moreover, Torres could not have been found to have motor loss, as defined in 1.04A, because he had no muscle atrophy.  Dr. Choudry found Torres to have full strength in both arms and legs.  Record at 949.  Torres's own health care providers at LVPG Physiatry and LVPG Neurosurgery, also noted full, 5/5, strength in all limbs in February and July 27, 2020.  Record at 1059 (Physiatry) and 1074 (Neurosurgery).

Thus, Torres cannot show he met former Listing 1.04A.  Nor has he made any showing that he had arachnoiditis, or was unable to ambulate effectively as defined in the Social Security Regulations, as required under Subsections B and C.  As a whole, therefore, Torres has not shown that he would have been found disabled even if the ALJ had applied former Listing 1.04.

V.   *Conclusion*

In accordance with the above discussion, I conclude that Torres's Request for Review in this case should be denied, and judgment entered in favor of the Commissioner.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE